CALVIN GREENE
1625 E. FLORIDA ST. #3
LONG BEACH, CA. 90802
(562) 437-0708

PLAINTIFF PRO SE
CALVIN GREENE



IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CALVIN GREENE, )   CIVIL NO. '08 CV 0330 H WMc
    PLAINTIFF )
  )
vs. )   COMPLAINT FOR CIVIL
  )   RIGHTS (PERSONAL INJURIES-
UNITED STATES OF AMERICA, )   DAMAGES)
OFFICER JEFFREY CRANFORD, )
OFFICER MARK VAN LUVEN, AND )   1.  ASSAULT
DOES 1-100, )   2.  BATTERY
inclusive, )   3.  NEGLIGENCE
  )   4.  INTENTIONAL INFLICTION OF
    DEFENDANTS. )       EMOTIONAL DISTRESS
  )   5.  VIOLATION OF TITLE 42
          U.S.C. SECTION 1983

PLAINTIFF ALLEGES:

<u>GENERAL ALLEGATIONS</u>
(FOR ALL CAUSES OF ACTIONS)

1. Plaintiff Calvin Greene was at all times herein mentioned, a citizen of the United States of America, and a resident of the State of California, County of Los Angeles.

//

2.  Defendant United States of America was at all times herein mentioned, the employer of Officers Jeffrey Cranford and Mark Van Luven as U.S. Customs and Border Protection employees.

Defendant Jeffrey Cranford was at all times herein mentioned an employee of the United States of America as a U.S. Customs and border Protection Officer.

Defendant Mark Van Luven was at all times herein mentioned an employee of the United States of America as a U.S. Customs and Border Protection Officer.

5.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as does 1 through 100, inclusive, and therefor sue the defendants by such fictituous names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitously named defendants is resposible in some manner for the occurences herein alleged, and that the plaintiff's damages as herein alleged were proximately caused by those defendants. Each and every defendant in reference in this complaint to "defendants" or a specifically named defendant, refers also to all defendants sued under fictituous names.

6.  Plaintiff is informed and believes and thereupon alleges, that at all times herein mentioned, each and every defendant, including all defendants sued under fictituous names, was the agent and employee of each of the remaining defendants, acting within the course and scope of this agency and employment.

//
//

2

7. Plaintiff aues the defendant United States of America pursuant to, but not limited to Title 28 U.S.C. Section 2674, in part of that section in which the United States is liable in tort claims in the same manner and extent as a private person under like circumstances in reference to this complaint.

8. Plaintiff sues the defendant United States of America pursuant to, but not limited to the Federal Tort Claims Act for failure to respond to two verbal complaints, and two administrative claims, the first sent by certificate of mailing on November 15, 2003, and a second administrative claim sent by certified mail on June 8, 2005, both to the U.S. Customs and Border Protection in San Diego, California. Plaintiff as alleged has exhausted all administrative remedies to settle his claim.

9. The plaintiff sues the defendant United States of America pursuant to, but not limited to Title 28 U.S.C. Section 1346 (b), which the defendant United States of America, as alleged, is liable for money damages for personal injury, caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under where the United States, if a private person, would be liable, as alleged herein.

10. The plaintiff sues the alleged defendant United States of America pursuant to, but not limited to Title 28 U.S.C. Section 2671, alleged defendants Officers Jeffrey Cranford and Mark Van Luven were employees of the U.S. Customs and BOrder Protection.

//
//
//

3

11. The alleged complaint herein is brought against defendant United States of America pursuant to Title 28 U.S.C. Section 2679 (5),(A) in which the defendant United States of America has been substituted as the party defendant, the plaintiff filed a claim on November 15, 2003, and another claim on June 8, 2005, in which to as of this date herein, the defendant has not responded Pursuant to this section, the filing of the claim on November 15, 2003 and the claim on June 8, 2005, would be timely as if it was filed on the date the underlying civil action was commenced on February 16, 2008, reconsideration denied on August 20, 2007.

12. The defendant United States of America is sued herein, pursuant to, but not limited to Title 28 U.S.C. Section 1346 (b) for injuries alleged herein for money damages caused by the negligent or wrongful act or omission of their employees Officers Jeffrey Cranford and Mark Van Luven while acting within the scope of their employment, as alleged the United States would be liable to the claimant herein in accordance with the law of the place where the act or omission occurred, and thusly waives any sovereign immunity against torts, and the complaint herein as alleged is filed as a common-law tort.

13. The alleged complaint herein is brought against defendant United States of America pursuant to Title 42 U.S.C. 1981(a) in reference to equal rights under the law. Plaintiff as alleged, was denied rights, benefits of all laws and proceedings for the security of persons enjoyed by white citizens.

14. The alleged complaint herein is brought against defendant United States of America pursuant to, but not limited to, the Fourth Amendment of the Constitution of the United States of

America,which allows in part the right to be secure in their persons against unreasonable searches and seizures.

15. The alleged complaint herein is brought against defendant United States of America pursuant to,but not limited to,the Fourth Amendment allowing citizens equal rights,privileges,and immunities allowed in their State, herein the State of California Citizens should not be deprived of liberyt,without due process of the law,or be denied equla protection of the laws in this jurisdiction of the State of California.

### FIRST CAUSE OF ACTION
(ASSAULT AGAINST ALL DEFENDANTS)

16. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 15 of the general allegations and incorporatrates the same as though fully set forth herein.

17. On or about JUne 15,2003,plaintiff Calvin Greene entered the United States through the San Ysidro,California border. A white male,ahead of the plaintiff went through the metal detector causing the alarm to go off. The white male stopped and asked the security officer if he wanted to check and search him. The security officer told him no and the man proceeded. The plaintiff proceeded through the metal detector and it did not go off. The security officer then looked at the plainitff and approached him asking the plaintiff what was in his right pocket. The plainitff pulled out paaers and showed them to the security officer. The plaintiff then asked the security officer for a supervisor,and asked the security officer why he did not check the male who had set the alarm off from the metal detector.

The security officer looked angry and hysterical, and made a statement about coming back. The security officer came back with U.S. Customs and Border Protection Officers, and U.S. Customs and Border Protection Officer Jeffrey Cranford ordered plaintiff to get out of the line. Plaintiff obeyed the officer, was searched and plaintiff asked Officer Cranford what was going on and requested a supervisor. Officer Cranford without provocation pushed plaintiff in the back in a jolt-like fashion, and then another officer, Officer Van Luven grabbed plaintiff's right wrist and twisted it, as alleged, assaulting plaintiff, plaintiff grimaced in pain.

18. Plaintiff Calvin Greene was in pain and questioned the actions of the two officers and without provocation Officer Cranford pushed the plaintiff again. Officer Cranford then told plaintiff to move. Plaintiff asked Officer Cranford not to push him, and if he wanted plaintiff to go somewhere and was only told by Officer Cranford to "go that way".

19. After reaching the front area of the U.S. Customs and Border Protection facility, plaintiff was finally allowed to speak to a supervisor Ford, and plaintiff complained to this supervisor about the assault and battery as alleged herein.

20. Officer Cranford continually interrupted the conversation between plaintiff and Supervisor Ford, stating that the security officer had told him plaintiff was causing a disturbance and being loud. Upon request by plaintiff, Supervisor Ford, and the U.S. Customs and Border Protection Officers present, all refused to bring the security officer who allegedly made statements to Officer Cranford to make a statement to supervisor Ford in the pre-

sence of plaintiff and Supervisor Ford. Officer Cranford did not tell Supervisor Ford that he or any of the officers from the U.S. Customs and border Protection saw the plaintiff being loud and causing a dsiturbance, nor did Officer Cranford or any of the U.S. Customs and Border Protection Officers state at this time that plaintiff was uncooperative, had a clinched fist and flexed arms.

21. As plaintiff continued to conversate with Supervisor Ford, a citizen by the name of Jeffrey apprached Supervisor Ford and told him in front of all the U.S. Officers that plaintiff was not causing a disturbance or being loud at any time during the incident herein. Officers Cranford and Van Luven did not challenge these statements . Supervisor Ford looked at the U.S. Officers Cranford and Van Luven and then started to give plaintiff information to make a complaint against the two U.S.Customs and Border Protection Officers.

22. The pushing in a jolt-like fashion in the plainitff's back, and the grabbing of plaintiff's wrist, and the second push in plaintiff's back, the defendants and each of them, caused the plain tiff worry, sleeplessness, shaking, humiliation, rapid heart beat, nervousness and diahrea. The pushing of the plaintiff'sin the back, and the grabbing of the plaintiff's wrist was outragious, malicious, oppressive, shocking to the nervous system, despicable, loathsome, wilful and a conscience disregard of plaintiff's rights Plainitff had a legal right under the U.S.Constitution to be treated equally as white citizens and to enter the United States with the same rights as white citizens.

23. The U.S.Customs and Border Protection, an agency of the defen dant United States of America does not allow the despicable and

7

and outragious conduct by an employee of pushing,and grabbing a citizen by the wrist for no apparent reason. Plaintiff was severely disturbed by this contact with plaintiff's person.

24. In doing the acts as alleged above,defendants and each of them,intended to cause or to place plaintiff in apprehension of a harmful contact with plaintiff's person.

25. As a result of the defendants acts and each of them as alleged above,plaintiff was in fact placed in great apprehension of a harmful contact with plaintiff's person.

26. As a direct and legal result of the aforesaid acts as alleged,defendants and each of them caused plaintiff to suffer and continue to suffer anxiety,great mental and emotional distress. Officers Cranford and Van Luven acts as alleged were wilful,vexatious and injured plaintiff.

27. Aa a further and direct legal result of the aforesaid ac as alleged,plaintiff seeks damages against defendant United States of America.

## SECOND CAUSE OF ACTION
### (BATTERY AGAINST ALL DEFENDANTS)

28. Plaintiff realleges and herein incorporates by reference paragraphs 1 through 27 of the first cause of action and incorporates the same as though fully set forth herein.

29. In doing the acts as alleged in paragraphs 1 through 28,defendants and each of them,acted with intent to make contact with person,and in doing so,battered plaintiff.

//

## THIRD CAUSE OF ACTION
(NEGLIGENCE AGAINST ALL DEFENDANTS)

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of the general allegations and first and second causes of action and incorporates the same as though fully set forth herein.

31. The defendants and each of them, were negligent as a result of the acts contained in paragraphs 1 through 30 their failure to exercise the care of a prudent person, and failure to show reasonable care, due care and diligence.

## FOURTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

32. Plaintiff realleges and herein incorporates by reference paragraphs 1 through 31 of the general allegations and first, second, and third causes of action and incorporates the same as though fully set forth herein.

33. That as a proximate result of the intentional and wanton acts of defendants and each of them, as set forth in paragraphs 1 through 32, plaintiff sustained great emotional distress. Defendants and each of them acts as alleged of pushing plaintiff in the back and grabbing his right wrist exceeds all bounds tolerated by the United States, the U.S. Constitution, the U.S. Customs and Border Protection and common people. The defendants and each of them, as alleged, had a reckless disregard of causing and the probability of causing emotional distress.
//

### FIFTH CAUSE OF ACTION
(VIOLATION OF TITLE 42 U.S.C. 1983
AGAINST ALL DEFENDANTS

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of the general allegations, and the first, second, third and fourth causes of action and incorporates the same as though fully set forth herein.

35. The defendants and each of them, violated Title 42 U.S.C. Section 1983, depriving plaintiff of his rights by being assaulted and battered by defendants as alleged, and being treated different than white citizens as alleged herein in this case.

### GENERAL ALLEGATIONS
(FOR ALL CAUSES OF ACTION)

As a proximate result of the acts of the defendants and each of them as herein alleged, plaintiff has and will incur further medical and incidental treatment of these injuries, and thus sues defendants in the amount of 800,000.oo dollars.

The acts of the defendants as herein alleged, were wilful, outragious, hurtful, depressive, humiliating, shocking to the nervous system, wanton, malicious, vexatious, and thus plaintiff request a jury trial pursuant to FRCP 38 (a),(b).

Wherefor, plaintiff prays for judgment against the defendants and each of them, jointly and severly as follows:

1. For 125,000.00 dollars in damages;
2. For general damages according to proof;
3. For compensatory damages;
4. For special damages;
5. For actual damages

6. For non-economic damages;

7. For interest allowed by law;

8. For cost of suit herein; and

9. For such other and further relief as the Court deems proper.

DATED: *February 16, 2008*

                                                *Calvin Green*
                                              PLAINTIFF PRO SE

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Calvin Greene

**DEFENDANTS** United States of America, Officer Jeffrey Cranford, Officer Mark Van Luven, and Does 1-100 inclusive,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Calvin Greene (562) 437-0708
1625 E. Florida St. #3 Long Beach, Ca 90802

Attorneys (If Known)

'08 CV 03__

FILED
FEB 19 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:
assault + battery, civil rights

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 10 million dollars
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE February 16, 2008
SIGNATURE OF ATTORNEY OF RECORD Calvin Greene Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

