1 | KAREN P. HEWITT
United States Attorney
2 | DIANNE M. SCHWEINER
Assistant U.S. Attorney
3 | California State Bar No. 188013
United States Attorney's Office
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-5680
Facsimile:   (619) 557-5004
6 | Email: dianne.schweiner@usdoj.gov

7 | Attorneys for Defendants
UNITED STATES OF AMERICA;
8 | JEFFREY CRANFORD; MARK VAN LUVEN

9

UNITED STATES DISTRICT COURT

10

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12

13 | CALVIN GREEN,                          )   Case No. 08 cv 0330 H (WMc)
                                          )
14 |                                        )   MEMORANDUM OF POINTS AND
                         Plaintiff,        )   AUTHORITIES IN SUPPORT OF
15 |                                        )   DEFENDANTS' MOTION TO DISMISS
               vs.                         )
16 |                                        )
                                          )
17 | UNITED STATES OF AMERICA,              )   CTRM:    13
     OFFICER JEFFREY CRANFORD;             )   JUDGE:   Hon. Marilyn L. Huff
18 | OFFICER MARK VAN LUVEN; AND            )
     DOES 1-100, inclusive,                )   DATE:    September 29, 2008
19 |                                        )   TIME:    10:30 a.m.
                                          )
20 |                         Defendants.     )
     _____

21 |                                    **I.**

22 |                        **STATEMENT OF FACTS**

23 |          On June 14, 2004, Plaintiff CALVIN GREENE filed a Complaint in the San Diego Superior

24 | Court (Case No. GIC 831385) against the United States, U.S. Customs and Border Protection, Officer

25 | Cranford and Officer Van Luven.  That Complaint stemmed from a June 15, 2003 incident during which

26 | Plaintiff was briefly detained by the Border Patrol.  Plaintiff alleged the following causes of action: (1)

27 | assault; (2) battery; (3) negligence; (4) intentional infliction of emotional distress; and (5) violation of

28 | 42 U.S.C. § 1983.  (See Exhibit "A").

1    On August 13, 2004, the United States Attorney's Office removed the state court action to

2   federal court and Plaintiff's case was assigned to the Honorable John A. Houston (U.S. District Court

3   Case No. 04cv1651-JAH (AJB)).  The United States thereafter brought a motion to dismiss Plaintiff's

4   action based on:  (1) Plaintiff's failure to exhaust his administrative remedies by timely filing an

5   administrative claim, and (2) the Court's lack of jurisdiction over the United States with respect to

6   Plaintiff's § 1983 claim. On July 12, 2005, Judge Houston issued his Order Granting Defendant's

7   Motion to Dismiss and dismissed Plaintiff's entire action <u>with</u> prejudice.  (See Exhibit "B").

8    Almost three years later, on February 19, 2008, Plaintiff filed a virtually identical Complaint

9   against the same defendants alleging the exact same five causes of action.  (See Docket No. 1).

10  Plaintiff's action must be dismissed based on the doctrine of res judicata.

11  **II.**

12  **ARGUMENT**

13    Res judicata bars litigation in a subsequent action of any claims that were raised or could have

14  been raised in a prior action.  The doctrine is applicable when there exists: (1) an identity of claims, (2)

15  a final judgment on the merits, and (3) identity or privity between parties.  <u>Owens v. Kaiser Foundation</u>

16  <u>Health Plan</u>, 244 F.3d 708, 713 (9th Cir. 2001).  In the present case, all criteria are met when applied

17  to Plaintiff's claims.

18  **A.    THERE IS AN IDENTITY OF CLAIMS**

19    To determine if an identity of claims exists, the following factors are considered:  (1) whether

20  the dismissal as established in the prior judgment would be destroyed or impaired by prosecution of the

21  second action; (2) whether substantially the same evidence is presented in both actions; (3) whether the

22  same right is infringed in both cases; and (4) whether the two suits arise out of the same "transactional

23  nucleus of facts."  <u>Int'l Union of Operating Eng'rs - Employers Constr. Indus. and Pension, Welfare and</u>

24  <u>Training Trust Funds v. Karr</u>, 994 F.2d 1426, 1429 (9th Cir. 1993).

25    **1.    The Prior Judgment Would be Destroyed If This Action Were to Proceed**

26    On July 12, 2005, judgment was already rendered against Plaintiff in his action against the same

27  defendants alleging the same causes of action.  (See Exhibit "C").  Certainly that prior judgment issued

28  by Judge Houston would be destroyed if Plaintiff were allowed to pursue identical claims in this action.

1

1
    **2.      Substantially the Same Evidence Is Presented**

2
   "Res judicata bars a subsequent action when the plaintiff had to produce substantially the same

3
evidence in both suits to sustain its case." <u>Health Ctr v. Codispoti</u>, 63 F.3d 863, 868 (9th Cir. 1995).

4
    Here, the evidence surrounding Plaintiff's alleged assault and battery by two Border Protection

5
officers would be identical for both actions.

6
    **3.      The Same Right is Allegedly Infringed**

7
    The causes of action asserted by Plaintiff in his two lawsuits are identical - - in both actions he

8
alleges assault, battery, negligence, intentional infliction of emotional distress and violation of 42 U.S.C.

9
§ 1983.

10
    **4.      The Lawsuits Arise Out of the Same Transactional Nucleus of Facts**

11
    "The central criterion in determining whether there is an identity of claims between the first and

12
second adjudications is whether the two suits arise out of the same transactional nucleus of facts."

13
<u>Owens v. Kaiser Foundation Health Plan</u>, 244 F.3d 708, 714 (9th Cir. 2001) (quoting <u>Frank v. United</u>

14
<u>Airlines, Inc.</u>, 216 F.3d 845, 851 (9th Cir. 2000)).  Without a doubt the element of "same transactional

15
nucleus of facts" is satisfied in this case.  Plaintiff alleges in both actions that on June 15, 2003, he was

16
mistreated by Officers Cranford and Van Luven while being detained at the border.

17
    Based on the fact all four of the above criteria are satisfied, there is an identity of claims between

18
Plaintiff's prior lawsuit and the current one.

19
**B.    THERE IS A FINAL JUDGMENT UPON THE MERITS**

20
    Plaintiff's prior lawsuit resulted in a final judgment on the merits which was entered July 12,

21
2005.  (Exhibit "C").

22
**C.    THERE IS AN IDENTITY OF PARTIES**

23
    Both the Plaintiff and the Defendants are identical in both the prior lawsuit and the current one.

24
/ / /

25
/ / /

26
/ / /

27
/ / /

28
/ / /

1

**III.**

2

<u>**CONCLUSION**</u>

3

For the foregoing reasons, Plaintiff's instant action filed February 19, 2008 is barred by the

4

doctrine of res judicata and should be dismissed, once again, with prejudice.

5

6

DATED:   August 25, 2008                              Respectfully submitted,

7
                                                      KAREN P. HEWITT
                                                      United States Attorney
8
                                                      s/ Dianne M. Schweiner
9
                                                      _____
10
                                                      DIANNE M. SCHWEINER
                                                      Assistant United States Attorney
                                                      Attorneys for Defendants
11
                                                      UNITED STATES OF AMERICA,
                                                      JEFFREY CRANFORD and
12
                                                      MARK VAN LUVEN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28