1  KAREN P. HEWITT
   United States Attorney
2  DIANNE M. SCHWEINER
   Assistant U.S. Attorney
3  California State Bar No. 188013
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5680
   Facsimile:  (619) 557-5004
6  Email: dianne.schweiner@usdoj.gov

7  Attorneys for Defendants
   UNITED STATES OF AMERICA;
8  JEFFREY CRANFORD; MARK VAN LUVEN

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN GREEN, | Case No. 08 cv 0330 H (WMc) |
| Plaintiff, | NOTICE OF LODGMENT OF EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |
| vs. | |
| UNITED STATES OF AMERICA, OFFICER JEFFREY CRANFORD; OFFICER MARK VAN LUVEN; AND DOES 1-100, inclusive, | CTRM:   13<br>JUDGE:  Hon. Marilyn L. Huff<br>DATE:   September 29, 2008<br>TIME:   10:30 a.m. |
| Defendants. | |

Defendants submit the following exhibits in support of their Motion to Dismiss:

| Exhibit | Description | Page Numbers |
|---|---|---|
| A | Complaint for Civil Rights (Personal Injuries-Damages) filed June 14, 2004 in San Diego Superior Court Case No. GIC 831385 | 1-8 |
| B | Order Granting Defendant's Motion to Dismiss dated July 12, 2005 | 9-10 |
| C | Judgment in a Civil Case dated July 12, 2005 | 11 |

1  DATED:   August 25, 2008                              Respectfully submitted,

2                                                                                    KAREN P. HEWITT
                                                                                     United States Attorney
3
                                                                                     s/ Dianne M. Schweiner
4                                                                                    _____
                                                                                     DIANNE M. SCHWEINER
5                                                                                    Assistant United States Attorney
                                                                                     Attorneys for Defendants
6                                                                                    UNITED STATES OF AMERICA,
                                                                                     JEFFREY CRANFORD and
7                                                                                    MARK VAN LUVEN

# EXHIBIT A

CALVIN GREENE
1625 E. FLORIDA ST. #3
LONG BEACH, CA. 90802
(562) 435-5239

PLAINTIFF IN PRO PER
CALVIN GREENE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

CALVIN GREENE,
        PLAINTIFF

vs.

UNITED STATES OF AMERICA, U.S.
CUSTOMS AND BORDER PROTECTION,
CUSTOMS AND BORDER PROTECTION
OFFICER CRANFORD, CUSTOMS AND
BORDER PROTECTION OFFICER VAN
LUVEN, AND DOES 1-100,
inclusive,

        DEFENDANTS.

CASE NO. (GIC) 831385

COMPLAINT FOR CIVIL RIGHTS
(PERSONAL INJURIES-DAMAGES

1. ASSAULT
2. BATTERY
3. NEGLIGENCE
4. INTENTIONAL INFLICTION
   OF EMOTIONAL DISTRESS
5. VIOLATION OF 42 U.S.C.
   § 1983

PLAINTIFF ALLEGES:

GENERAL ALLEGATIONS
FOR ALL CAUSES OF ACTIONS)

1. Plaintiff Calvin Greene was at all times herein mentioned a citizen of the United States of America, and a resident of the State of California, County of Los Angeles.
//

COMPLAINT FOR PERSONAL INJURIES DAMAGES

2. Defendant United States of America employed defendants Officers Cranford and Van Luven.

3. Defendants U.S. Custome and Border Protection was at all times herein mentioned, the agency in which Officers Cranford and Van luven were empolyed.

4. Defendant Custom and Border Protection Officer Cranford was at all times herein mentioned an employee of the U.S. Customs andfBorder Protection.

5. Defendant Custom and Boreder Protection Officer Van Luven was at all times herein mentioned an employee of the U.S.Custom and Border Protection.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as does 1 through 100,inclusive,and there for,sue the defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and there upon alleges that each of the fictiously named defendants is responsible in some manner for the occurences herein alleged, and that the plaintiff damages as herein alleged were proximately caused by those defendants. Each and every reference in this complaint to "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names.

6. Plaintiff is informed and believes and thereupon alleges, that at all times herein mentioned,each of the defendants,including all defendants sued under fictitious names,was the agent and employee of each of the remaining defendants,acting within the course and scope of this agency and employment.

2

COMPLAINT FOR PERSONAL INJURIES DAMAGES

### FIRST CAUSE OF ACTION
### (ASSAULT AGAINST ALL DEFENDANTS)

7. On or about June 15, 2003, plaintiff Calvin GReene was in the United States through the San Ysidro, California entrance to the Unites States and standing in line. Defendant U.S. Customs and Border Protection Officer Cranford ordered plaintiff Calvin Greene to get out of the line. Plaintiff Calvin Greene obeyed and requested a supervisor and asked Officer Cranford what was going on. Defendant Officer Cranford without provocation, pushed plaintiff Calvin Greene in a jolt-like fashion in the back, and then Officer Van Luven grabbed Plaintiff's right wrist and twisted it.

8. Plaintiff Calvin Greene questioned the actions of the two officers and Officer Cranford pushed plaintiff again stating to him to move. Plaintiff Calvin Greene asked Officer Cranford not to push him and asked him if he wanted to to go somewhere and was only told to "go that way."

9. After reaching the front area of the U.S. Custom and Border Protection facility, plaintiff was finally allowed to speak to Supervisor Ford, and plaintiff complained to the supervisor about being assaulted.

10. Defendant U.S. Custom's Officer Cranford continually interrupted the conversation between plaintiff and supervisor Ford and stated that plaintiff was causing a disturbance and being loud. Later a man by the name of Jeffrey approached Supervisor Ford, and told him in front of Officer Cranford and Officer Van Luven and other officers that plaintiff was not causing any disturbance or being loud at any time during or after the incident herein Plaintiff Calvin Greene was then given information in

3

COMPLAINT FOR PERSONAL INJURIES DAMAGES

which to make a complaint of the incident by Supervisor Ford.

11. The pushing in a jolt-like fashion in the plaintiff's back, and grabbing the plaintiff's wrist, and a second push in the plaintiff's back, the defendants and each of them, caused the plaintiff pain, worry, sleeeplessness, shaking, humiliation, rapid heart beat, nervousness, and diahrea. The pushing of the plaintiff in the back, and the grabbing of the plaintiff's right wrist was outragious, malicious, oppressive, shocking to the nervous system, despicable, loathsome, wilful and a conscience disregard of the plaintiff's rights by defendants U.S. Customs and Border protection Officers Cranford and Van Luven. Plaintiff had a legal right under the Federal Constitution of the United States to re-enter the United States.

12. The U.S. Customs and Border Protection does not allow despicable and outragious conduct by an employee of pushing, and grabbing a citizen by the wrist for no apparent reason. Plaintiff was severely disturbed by this contact with plaintiff's person.

13. In doing the acts as alleged above, defendants and each of them, intended to cause or to place plaintiff in apprehension of a harmful contact with plaintiff's person.

14. As a result of the defendants acts, and each of them, as alleged above, plaintiff was in fact placed in great apprehension of a harmful contact with plaintiff's person.

15. As a direct and legal result of the aforesaid acts as alleged, defendants and each of them caused plaintiff to suffer and continue to suffer anxiety, great mental and emotional distress. The defendants Cranford and Van Luven acts as alleged were wilful

4

COMPLAINT FOR PERSONAL INJURIES DAMAGES

4

vexatious, and injured the plaintiff.

16. As a further and direct legal result of the aforesaid acts as alleged, plaintiff seeks punitive damages against defendants Cranford and Van Luven.

### SECOND CAUSE OF ACTION
(BATTERY AGAINST ALL DEFENDANTS)

17. Plaintiff realleges and herein incorporates by reference paragraphs 1 through 16 of the first cause of action and incorporates the same as though fully set forth herein.

18. In doing the acts as alleged in paragraphs 1 through 17, defendants and each of them, acted with intent to make contact with plaintiff's person, and in doing so, battered plaintiff.

### THIRD CAUSE OF ACTION
(NEGLIGENCE AGAINST ALL DEFENDANTS)

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 of the general allegations and first and second causes of actions and incorporates the same as though set forth herein.

20. The defendants and each of them were negligent as a result of the acts contained in paragraphs 1 through 19 in their failure to exercise the care of a prudent person, and failure to show reasonable care, due care or diligence.

### FOURTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
AGAINST ALL DEFENDANTS)

//

5

COMPLAINT FOR PERSONAL INJURIES DAMAGES

21. Plaintiff realleges and herein incorporates by reference paragraphs 1 through 20 of the general allegations and first, second and third causes of action and incorporates the same as though fully set forth herein.

22. That as a proximate result of the intentional and wanton acts of defendants, and each of them as set forth in paragraphs 1 through 21, plaintiff sustained great emotional distress Defendants and each of them acts as alleged, of pushing plaintiff in the back and grabbing his right wrist exceeds all bounds tolerated by the United States, the U.S. Constitution, The U.S. Customs and Border Protection and common people. The defendants defendants and each of them as alleged had a reckless disregard of causing and the probability of causing emotional distress.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. 1983)

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 of the general allegations and the first, second, third, and fourth causes of action and incorporates the same as though fully set forth herein.

24. The defendants and each of them, violated 42 U.S.C 1983 of the United States Code, along with the Consitutional Amendments IV and XIV, but not limited to these Amendments of said Constitution.

//
//
//
//

6

COMPLAINT FOR PERSONAL INJURIES DAMAGES

25. That as a proximate result of the acts as alleged of defendants and each of them, as set forth in paragraphs 1 through 24 of the general allegations and first, secon, third, fourth causes of actions, plaintiff was deprived of the right to be free from bodily harm and injury provided by the U.S. Constitution and Costitutional Amendments.

### GENERAL ALLEGATIONS
(FOR ALL CAUSES OF ACTION)

As a proximate result of the acts of the defendants, and each of them, as herein alleged, plaintiff has and will incur further medical and incidental treatment of these injuries, the exact amount of which is unknown at this time.

The acts of the defendant Officer Rosales, as herein alleged, were wilful, outragious, hurtful, depressive, humiliating, shocking to the nervous system, wanton, malicious, vexatious, and justify the awarding of punitive damages against defendant Officer Rosales.

Wherefor, plaintiff prays for judgment against the defendants and each of them, jointly and severly as follows:

1. For General Damages according to proof;
2. For compensatory damages;
3. For special damages;
4. For actual damages;
5. For punitive damages against defendant Officer Cranford and defendants Officer Van Luven.
6. For non-economic damages;
7. For interest allowed by law;

7

COMPLAINT FOR PERSONAL INJURIES DAMAGES

8. For costs of suit herein; and

9. For such other and further relief as the Court deem proper.

DATED: JUNE 14, 2004

_____
PLAINTIFF, PRO PER

8

COMPLAINT FOR PERSONAL INJURIES DAMAGES

# EXHIBIT B

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN GREENE,<br><br>　　　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　　Defendants. | Civil No. 04cv1651 JAH (AJB)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. # 17] |

　　　　On July 7, 2005, Defendant's motion to dismiss came on for hearing before this Court. The Court entertained oral argument from both parties. After careful consideration of the argument of counsel and the pleadings presented, this Court **GRANTS** Defendant's motion to dismiss for the reasons stated on the record and incorporated herein by reference. This Court also found Plaintiff's amended complaint, submitted for filing on July 5, 2005, does not cure the deficiency in his original complaint and therefore, declined to allow its filing.

///
///
///
///
///
///

22

04cv1651

9

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss [doc. # 17], is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

Dated: July 11, 2005

JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Battaglia
All Counsel of Record

# EXHIBIT C

AO 450 Judgment in a Civil Case

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Calvin Greene

v.

United States of America

JUDGMENT IN A CIVIL CASE

**FILED**
JUL 1 2 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

CASE NUMBER: 04CV1651-JAH(AJB)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that Defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice. This Court also found Plaintiff's amended complaint, submitted for filing on 07/05/05, does not cure the deficiency in his original complaint and therefore, declined to allow its filing...........................................................................................................................

| July 12, 2005 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |
| | Jude Petersen |
| | (By) Deputy Clerk |

ENTERED ON July 12, 2005

23

04CV1651-JAH(AJB)

//